

ROPES & GRAY LLP
PRUDENTIAL TOWER
800 BOYLSTON STREET
BOSTON, MA 02199-3600
WWW.ROPESGRAY.COM

January 10, 2024

Peter L. Welsh
T +1 617 951 7865
peter.welsh@ropesgray.com

**VIA ECF**

Assigned Judge
United States District Court for the Southern District of New York

      Re:    *Servicios Funerarios GG, S.A. de C.V. v. Advent International Corporation*,
              Case No. 23-CV-10684-IT (D. Mass.)

Dear Assigned Judge:

      Pursuant to the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Rule 5.2(b) and 7.1(d), and the United States District Court, Southern District of New York's Sealed Records Filing Instructions ("Filing Instructions"), Petitioner Advent International Corporation, n/k/a Advent International, L.P. ("AIC"), respectfully submits this letter requesting leave to file under seal Ex. 39 (GSO-01606852) and Ex. 40 (GSO-01606856), (the "Proposed Sealed Exhibits") and to file redacted portions of its Opening Brief In Support Of Its Motion to Compel Andre El-Mann Arazi, Gonzalo Pedro Robina Ibarra, And Fibra Uno Administracion S.A. de C.V. To Comply With Petitioner's Subpoenas.

      "Although the right of public access to court records is firmly entrenched and well supported by policy and practical considerations, the right is not absolute." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). "Redaction may be appropriate to protect confidential information." *Fairstein v. Netflix, Inc.*, No. 20-CV-8042 (PKC), 2023 WL 6164293, at *1 (S.D.N.Y. Sept. 21, 2023). "Every court has supervisory power over its own records and files, and access [can be] denied where court files might have become a vehicle for improper purposes." *United States v. Amodeo*, 44 F.3d 141, 146, (2d Cir. 1995) (Amodeo I) (citation omitted).

      Petitioner seeks to file under seal the Proposed Sealed Exhibits, which its adversary, Servicios Funerarios GG, S.A. de C.V. ("SF"), has designated as confidential in the underlying case. In so designating, SF affirmed that the documents contain information, the disclosure of which may harm SF's "competitive position," "negatively impact their privacy interests" or "contravene an obligation of confidentiality to a third Person or to a court." Stipulated Protective Order, Dkt. 203, 3, *Servicios Funerarios GG, S.A. de C.V. v. Advent International Corporation* 1:23-cv-10684-IT (D. Mass 2023). The court in Massachusetts upheld the confidentiality designation. *See Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000) (noting that courts have considerable discretion in determining whether to seal, but "discretion of that breadth" no longer exists after documents are

ROPES & GRAY LLP

- 2 -                                                                                       January 10, 2024

sealed).  The court went on to seal the Proposed Sealed Exhibits by court order (Dkt. 160) in the underlying action as Exhibits 11 and 12 of AIC's Declaration of Gabriel F. Soledad in support of its Supplemental Submission in Support of Its Motion To Compel (Dkt. 151) because the Exhibits could reveal sensitive business information about SF.  *Knitting Fever, Inc. v. Coats Holdings Ltd.*, No. CV05-1065 (DRH)(WDW), 2012 WL 13098758, at *2 (E.D.N.Y. Aug. 27, 2012) (with the protective order in place and the documents sealed, "there is a strong presumption against the modification of the order.").  As such, Petitioner moves to file under seal the Proposed Sealed Exhibits to maintain confidential SF's business information, in accordance with the Protective Order in the Massachusetts action.

Petitioner also seeks to redact those portions of the brief which discuss the Proposed Sealed Exhibits in a way that could reveal protected information.  Petitioner respectfully requests that this Court defer to the sealing decisions made in the underlying action and seal the documents at issue here.

Respectfully Submitted,

/s/ *Peter L. Welsh*
Peter L. Welsh