# EXHIBIT 35

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

SERVICIOS FUNERARIOS GG, S.A. DE C.V.,                    No. 23-cv-10684-IT

      Plaintiff / Counterclaim-Defendant,

      v.

ADVENT INTERNATIONAL CORPORATION,

      Defendant / Counterclaim-Plaintiff.
_____/

## PLAINTIFF'S RESPONSES TO DEFENDANT'S
## FIRST SET OF INTERROGATORIES

Plaintiff Servicios Funerarios GG, S.A. DE C.V. ("Servicios Funerarios") responds, pursuant to Federal Rule of Civil Procedure 33 and Local Rule 33.1 of the First Set of Interrogatories (the "Interrogatories") propounded by Defendant Advent International Corporation ("Advent"), as follows:

### General Objections and Reservations

1.     Servicios Funerarios objects to the Interrogatories to the extent that they purport to impose obligations beyond those set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court.

2.     Servicios Funerarios objects to the Interrogatories to the extent that they call for information that constitutes privileged attorney-client communications or that is otherwise protected from disclosure under the applicable privileges, laws, or rules.

3.     Servicios Funerarios objects to the Interrogatories to the extent that they are overbroad, vague, not stated with reasonable particularity, and/or call for information that is not relevant to any party's claim or defense or is not proportional to the needs of the

case.

4.      Servicios Funerarios objects to the Interrogatories to the extent that they are unduly burdensome, time-consuming, and extremely costly and, in that event, requests that Advent bear the cost of responding.

5.      Servicios Funerarios objects to the Definitions of the Interrogatories to the extent they increase the burden of responding.  For example, the definitions of "Servicios Funerarios" and "Gayosso" render the Interrogatories as overbroad.

6.      Servicios Funerarios objects to the use of the term "Targeted Employees" because it is inaccurate, does not reflect the facts of this case, and is unduly prejudicial.

7.      Servicios Funerarios responds based upon information reasonable available to it and expressly reserves the right to supplement these Responses, including by reason of continuing investigation and discovery.

**<u>Responses to Interrogatories</u>[1]**

**<u>INTERROGATORY NO. 1</u>**

Describe in detail, with reference to supporting documents, the complete factual and legal basis for identifying each of the Targeted Employees and for declining to identify Carlos Peña in the Criminal Complaint.

**<u>RESPONSE</u>:**

As noted above, objection to the term "Targeted Employees," including because it mischaracterizes the nature of the criminal proceedings in Mexico.

The factual basis for identifying Enrique Pani Bano and Carlos Alfredo Paz Perez in the June 2, 2022 Criminal Complaint was their execution of the SPA on behalf of

---

[1] Each General Objection or Reservation shall be deemed incorporated into the response and objections to each specific Interrogatory.

Gayosso. The factual basis for identifying Enrique Pani Bano, Carlos Alfredo Paz Perez, Carlos Lukac Ostreche, James Westra, and Alejandro Sosa Hernandez in the October 5, 2022 supplemental statement includes that, as employees or agents of Advent or of its related or affiliated entities, they were involved in the sale, the operation, or financial reporting of Gayosso, and their possible direct or indirect participation in the wrongful conduct set forth in the criminal complaint should be investigated by the Public Prosecutor's Office. More specifically:

- Enrique Pani Bano was an Advent Managing Director and the Chairman of Gayosso's Board, in addition to executing the SPA as a representative of Gayosso. He was also a lead negotiator on the sale of Gayosso's shares and was believed to have knowledge of Gayosso's operations, business practices, and financial reporting.

- Alfredo Paz Perez was a Senior Director and co-head of the Portfolio Support Group, Latin America, for Advent International PE Advisors S.C. He was an active Board Member of Gayosso since 2014 and a member of the Finance and Auditing Committees. In addition to executing the SPA as a representative of Gayosso, he was a lead negotiator on the sale of Gayosso's shares and was believed to have knowledge of Gayosso's operations, business, practices, and financial reporting.

- Carlos Lukac Ostreche was CEO of Gayosso from October 2011 to January 2021. He was a member of the Executive Committee of Gayosso. He had knowledge of Gayosso's operations, business, practices, and financial reporting.

- Alejandro Sosa Hernandez was Director of Operations of Gayosso from January 2015 to June 2021.  He was a member of the Executive Committee of Gayosso.  He had knowledge of Gayosso's operations, business, practices, and financial reporting.

- James Westra was a Managing Partner of AIC and the General Counsel of AIC.  He was a lead negotiator on the sale of Gayosso's shares, including with respect to the false representations made in the SPA.

Additional factual basis is the information contained in documents being produced and this response will be supplemented to provide the Bates numbers for such documents once production is made.

The Criminal Complaint did not purport to state a legal basis for identifying the employees since, under the Mexican criminal justice system, it is not the role of a complainant such as Servicios Funerarios to determine whether a person or entity should be charged with a crime or be arrested.  Rather, it is the role of the Public Prosecutor's Office to conduct the appropriate investigation of the matters asserted in a criminal complaint to determine whether crimes were committed and, if so, to then take what in the prosecutor's discretion are the appropriate steps, including bringing the matter before the criminal courts and seeking arrest warrants.  Here, upon conducting an independent investigation of the fraud perpetrated by AIC, the Public Prosecutor's Office made the independent decision to proceed against the employees pursuant to Article 21 of the Mexican Constitution.  A criminal court judge, upon review of the conclusions of the investigation performed by the Public Prosecutor, issued the arrest warrants for the employees.

Servicios Funerarios did not identify Carlos Peña in the Criminal Complaint because it did not believe that he participated in the wrongful conduct set forth in the Criminal Complaint.

**INTERROGATORY NO. 2**

State whether You contend, as to each of the Targeted Employees, that the issuance of the Arrest Warrants complied with the requirements of Mexican law, and describe in detail, with reference to supporting documents, the complete factual and legal basis for Your contention.

**RESPONSE:**

As noted above, objection to the term "Targeted Employees," including because it mischaracterizes the nature of the criminal proceedings in Mexico.

Yes, as to each of the employees.

Our contention is based on the proceedings and conclusions of the Public Prosecutor and the Mexican courts, and on related documents which, to the extent they are in the possession, custody, or control of Servicios Funerarios will be produced pursuant to Advent's document requests and, upon production, this response will be supplemented to identify the relevant documents by Bates numbers.

In accordance with Articles 141 and 142 of the National Code of Criminal Procedures, after conducting an independent investigation the Public Prosecutor can exercise discretion to request, in a private hearing, that a Judge issue an arrest warrant.  Based upon available information, on October 7, 2022, the Public Prosecutor, after conducting an independent investigation, requested such a hearing before a Judge, and, at that hearing, he presented the basis of the criminal fraud case against the employees.  Based upon available information, the understanding is that the Judge determined that the Public Prosecutor had met the

requirements under Mexican law by providing evidence sufficient to prove the fraud committed by the employees (and AIC) against Servicios Funerarios and issued the arrest warrants against the employees.

Neither Servicios Funerarios nor its counsel attended or participated in the hearing before the Control Judge.

## INTERROGATORY NO. 3

Describe in detail, with reference to supporting documents, the circumstances surrounding the formation of Servicios Funerarios, including without limitation the purpose behind forming Servicios Funerarios; the persons responsible for its formation; and any involvement, input, or participation in any aspect of its formation by Carlos Peña, Octavio Trejo, or the El-Mann Family.

### RESPONSE:

Servicios Funerarios was formed as a corporation pursuant to Mexican law on January 22, 2020. The purpose behind the incorporation of Servicios Funerarios was for its purchase of the shares in Gayosso. The person responsible for the decision to incorporate Servicios Funerarios was Pablo Peña Vazquez. There was no involvement, input, or participation by Carlos Peña, Octavio Trejo, or the El-Mann Family in any aspect of the incorporation of Servicios Funerarios.

## INTERROGATORY NO. 4

Describe in detail, with reference to supporting documents, Servicios Funerarios' ownership structure, and to the extent it has changed over time, any prior ownership structure, including without limitation its current or former ultimate beneficial owner(s); any agreements or understandings concerning profit sharing, stock options, phantom interests, deferred compensation, or any other economic entitlements or benefits of any

kind; any current or former relationship with Banco Ve Por Más, SA Institución de Banca Múltiple, Grupo Financiero Ve Por Más, and the Trust Fideicomiso 666; and any other equity, ownership, or economic interests in Servicios Funerarios of any kind.

**RESPONSE:**

Servicios Funerarios' shares have at all times been owned by a trust established pursuant to Contrato de Fideicomiso de Administracion Number 682 and by Pablo Peña.

**INTERROGATORY NO. 5**

Identify the names, addresses, and employment titles of each person with knowledge of the Gayosso Transaction and describe in detail what knowledge You believe each identified person to have.

**RESPONSE:**

The following individuals have knowledge responsive to this interrogatory:

| Names | Addresses | Employment titles | Basis of Knowledge |
|---|---|---|---|
| **Advent International** | | | |
| Patrice Etlin | Av. Brig. Faria Lima 3311, 9º andar, 04538-133 São Paulo, SP, Brazil | Managing Partner | Participated in the approval of the sale of Gayosso as part of the Latam Advisory Investment Committee. Participated in the investment committees where the transaction was presented and discussed several times. Participated in the portfolio review sessions |

| Names | Addresses | Employment titles | Basis of Knowledge |
|---|---|---|---|
| | | | where the performance of the company was discussed |
| Juan Pablo Zucchini | Av. Brig. Faria Lima 3311, 9º andar, 04538-133 São Paulo, SP, Brazil | Managing Partner | Participated in the approval of the sale of Gayosso as part of the Latam Advisory Investment Committee. Participated in the investment committees where the transaction was presented and discussed several times. Participated in the portfolio review sessions where the performance of the company was discussed |
| Mario Malta | Av. Brig. Faria Lima 3311, 9º andar, 04538-133 São Paulo, SP, Brazil | Managing Director | Participated in the approval of the sale of Gayosso as part of the Latam Advisory Investment Committee. Participated in the investment committees where the transaction was presented and discussed several times. Participated |

| Names | Addresses | Employment titles | Basis of Knowledge |
|---|---|---|---|
| | | | in the portfolio review sessions where the performance of the company was discussed |
| Brenno Raiko | Av. Brig. Faria Lima 3311, 9º andar, 04538-133 São Paulo, SP, Brazil | Managing Director | Participated in the approval of the sale of Gayosso as part of the Latam Advisory Investment Committee. Participated in the investment committees where the transaction was presented and discussed several times. Participated in the portfolio review sessions where the performance of the company was discussed |
| Wilson Rosa | Av. Brig. Faria Lima 3311, 9º andar, 04538-133 São Paulo, SP, Brazil | Managing Director | Participated in the approval of the sale of Gayosso as part of the Latam Advisory Investment Committee. Participated in the investment committees where the transaction was presented and |

| Names | Addresses | Employment titles | Basis of Knowledge |
|---|---|---|---|
| | | | discussed several times. Participated in the portfolio review sessions where the performance of the company was discussed |
| Manuel Garcia Podesta | Avenida Calle 82 #10-33, Oficina 702, Bogotá 110221, Colombia | Managing Director | Participated in the approval of the sale of Gayosso as part of the Latam Advisory Investment Committee. Participated in the investment committees where the transaction was presented and discussed several times. Participated in the portfolio review sessions where the performance of the company was discussed |
| Mauricio Salgar | Avenida Calle 82 #10-33, Oficina 702, Bogotá 110221, Colombia | Managing Director | Participated in the approval of the sale of Gayosso as part of the Latam Advisory Investment Committee. Participated in the investment committees where |

| Names | Addresses | Employment titles | Basis of Knowledge |
|---|---|---|---|
| | | | the transaction was presented and discussed several times. Participated in the portfolio review sessions where the performance of the company was discussed |
| Enrique Pani | NA | Former Managing Director | Chairman of the Board of Directors of Gayosso at the time of closing. Partner in charge within Advent of Gayosso. Led the sale of Gayosso to Servicios Funerarios Participated in the approval of the sale of Gayosso as part of the Latam Advisory Investment Committee. Participated in the investment committees where the transaction was presented and discussed several times. Participated in the portfolio review sessions where the performance of the |

| Names | Addresses | Employment titles | Basis of Knowledge |
|---|---|---|---|
| | | | company was discussed |
| Carlos Alfredo Paz | Campos Eliseos 345, floor 14, Polanco, 11560, Mexico City, Mexico | Senior Director and Co-Head of Portfolio Support Latam | Board member of Gayosso since 2014 until closing. Responsible together with Mr. Pani of the performance and sale of Gayosso within Advent. Led the sale of Gayosso to Servicios Funerarios GG. Participated in the investment committees where the transaction was presented and discussed several times. Participated in the portfolio review sessions where the performance of the company was discussed |
| Ariel Blumenkranc | Campos Eliseos 345, floor 14, Polanco, 11560, Mexico City, Mexico | Managing Director | After Pani left Advent (August 2021), Mr. Blumenkranc took over leading Advent's Mexico office. Mr. Blumenkranc has knowledge about the sale of Gayosso to Servicios |

| Names | Addresses | Employment titles | Basis of Knowledge |
|---|---|---|---|
| | | | Funerarios and the sale to other bidders in the past |
| Carlos Peña | NA | Former Director | Participated in the sale of Gayosso to Servicios Funernarios. Assisted to the Board of Directors of Gayosso since May 2019 |
| Veronica Stenner | NA | Former Associate | Participated in the investment committees where the transaction was presented and discussed several times. Participated in the portfolio review sessions where the performance of the company was discussed. Participated in the sale of Gayosso to Servicios Funerarios. |
| David Mussafer | Prudential Tower 800 Boylston Street, Boston, MA 02199-8069, USA | Managing Partner | Participated in the approval of the sale of Gayosso as part of the Investment Committee. Participated in the investment committees where the transaction was presented and |

| Names | Addresses | Employment titles | Basis of Knowledge |
|---|---|---|---|
| | | | discussed several times |
| John Maldonado | Prudential Tower 800 Boylston Street, Boston, MA 02199-8069, USA | Managing Partner | Participated in the approval of the sale of Gayosso as part of the Investment Committee. Participated in the investment committees where the transaction was presented and discussed several times |
| Chris Egan | Prudential Tower 800 Boylston Street, Boston, MA 02199-8069, USA | Managing Partner | Participated in the approval of the sale of Gayosso as part of the Investment Committee. Participated in the investment committees where the transaction was presented and discussed several times |
| James Westra | Prudential Tower 800 Boylston Street, Boston, MA 02199-8069, USA | Managing Partner and Chief Legal Officer | Approved the sale of Gayosso. Negotiated and approved the Reps and Guarantees of the SPA. Negotiated and signed the Seller's Guarantee |
| Richard Kane | Prudential Tower 800 Boylston Street, Boston, MA 02199-8069, USA | Managing Director and COO | Approved the sale of Gayosso |

| Names | Addresses | Employment titles | Basis of Knowledge |
|---|---|---|---|
| Eileen Sivolella | Prudential Tower 800 Boylston Street, Boston, MA 02199-8069, USA | Managing Director and CFO | Approved the sale of Gayosso |
| Heather Zuzenak | Prudential Tower 800 Boylston Street, Boston, MA 02199-8069, USA | Chief Compliance Officer | Approved the sale of Gayosso |
| **Grupo Gayosso** | | | |
| Carlos Lukac | NA | Former CEO | Participated in the management presentations with Servicios Funerarios. Led the sale process internally. Participated in some meetings with Pablo Peña |
| Octavio Trejo | NA | Former CFO | Participated in the management presentations with Servicios Funerarios. Participated in the data room and SPA. Participated in some meetings with Pablo Peña |
| Ruben Saucedo | NA | Former Legal Director | Participated in the data room and SPA |
| Everardo Garcia | NA | Former Sales Director | Participated in the management presentations with Servicios Funerarios |

| Names | Addresses | Employment titles | Basis of Knowledge |
|---|---|---|---|
| Alejandro Sosa | NA | Former Operations Director | Participated in the management presentations with Servicios Funerarios |
| Oscar Chavez | NA | Former Marketing and Planning Director | Participated in the management presentations with Servicios Funerarios |
| Alejandro Kourchenko | NA | Former IT Director | Participated in the management presentations with Servicios Funerarios |
| Luis Arturo Flores | NA | Former HHRR Director | Participated in the management presentations with Servicios Funerarios |
| Ricardo Lemus | James Sullivan 71, San Rafael, Cuauhtemoc, 06470, Mexico City, Mexico | Funeral Homes Director | Participated in the management presentations with Servicios Funerarios |
| Fabiola Garcia | NA | Former Finance Planning Director | Participated in the data room |
| **Citigroup** | | | |
| Lorenzo Massart | NA | Managing Director | Advised Advent on the sale of Gayosso |
| **Mijares, Angoitia, Cortes y Fuentes** | | | |
| Patricio Trad | Javier Barros Sierra 540, 4to piso, Park Plaza I, Colonia Santa Fe, Alcaldía Álvaro Obregón, C.P. 01210, Ciudad de México. | Partner | Advised Advent in the sale of Gayosso during the SPA process |
| Juan Pablo Betancourt | Javier Barros Sierra 540, 4to piso, Park | Associate | Advised Advent in the sale of Gayosso |

16

| Names | Addresses | Employment titles | Basis of Knowledge |
|---|---|---|---|
| | Plaza I, Colonia Santa Fe, Alcaldía Álvaro Obregón, C.P. 01210, Ciudad de México. | | during the SPA process |
| Pedro García Ampudia | Javier Barros Sierra 540, 4to piso, Park Plaza I, Colonia Santa Fe, Alcaldía Álvaro Obregón, C.P. 01210, Ciudad de México. | | Advised Advent in the sale of Gayosso during the SPA process |
| Fernando Molina Ostos | Javier Barros Sierra 540, 4to piso, Park Plaza I, Colonia Santa Fe, Alcaldía Álvaro Obregón, C.P. 01210, Ciudad de México. | | Advised Advent in the sale of Gayosso during the SPA process |
| Mauricio Guals Pons | Javier Barros Sierra 540, 4to piso, Park Plaza I, Colonia Santa Fe, Alcaldía Álvaro Obregón, C.P. 01210, Ciudad de México. | | Advised Advent in the sale of Gayosso during the SPA process |
| **Llaguno, Name y Moreno** | | | |
| Francisco Moreno Bazán | Bosque de Duraznos 67-101 B Bosques de las Lomas 11700 Ciudad de México | Partner | Advised Advent and Gayosso during the SPA process and M&A process as Gayosso's corporate external legal counsel |
| Leticia Espinosa | Bosque de Duraznos 67-101 B Bosques de las Lomas | Associate | Advised Advent and Gayosso during the SPA process and M&A process as |

| Names | Addresses | Employment titles | Basis of Knowledge |
|---|---|---|---|
| | 11700 Ciudad de México | | Gayosso's corporate external legal counsel |
| **Mexcap Partners** | | | |
| Pablo Peña | Antonio Dovali Jaime 70, Torre B, Piso 10, Zedec Santa Fe Alvaro Obregón, 01210, Mexico City, Mexico | Managing Partner<br><br>Former Partner of Execution Finance (ExeFin) | Advised Servicios Funerarios in the acquisition of Gayosso and the financing for the acquisition |
| Mariana González | Antonio Dovali Jaime 70, Torre B, Piso 10, Zedec Santa Fe Alvaro Obregón, 01210, Mexico City, Mexico | Managing Director<br><br>Former Executive Director of Execution Finance (ExeFin) | Advised Servicios Funerarios in the acquisition of Gayosso and Sale and the financing for the acquisition |
| Miguel Rizo Patrón | Antonio Dovali Jaime 70, Torre B, Piso 10, Zedec Santa Fe Alvaro Obregón, 01210, Mexico City, Mexico | Managing Director<br><br>Former Director of Execution Finance (ExeFin) | Advised Servicios Funerarios in the acquisition of Gayosso and the financing for the acquisition |
| **HSBC (Main Lender and structuring agent)** | | | |
| Mónica Macia | 452 Fifth Avenue New York, NY 10018, USA | Managing Director- Loan Syndications | Advised Gayosso/HSBC for the syndicated loan to substitute the CPPIB's financing |
| Guillermo Andrade | 452 Fifth Avenue New York, NY 10018, USA | Vice President- Loan Syndications | Advised Gayosso/HSBC for the syndicated loan to substitute the CPPIB's financing |

| Names | Addresses | Employment titles | Basis of Knowledge |
|---|---|---|---|
| Marula Solsa | 452 Fifth Avenue New York, NY 10018, USA | Analyst- Loan Syndications | Advised Gayosso/HSBC for the syndicated loan to substitute the CPPIB's financing |
| Juan Carlos Pérez Carmona | Av. Paseo de la Reforma 347 México D.F. 06500 | Director- Commercial Banking Origination | Advised Gayosso/HSBC for the syndicated loan to substitute the CPPIB's financing |
| Citlali Guzman | Av. Paseo de la Reforma 347 México D.F. 06500 | Vice President Commercial Banking Origination | Advised Gayosso/HSBC for the syndicated loan to substitute the CPPIB's financing |
| Estefania Michel | Av. Paseo de la Reforma 347 México D.F. 06500 | Analyst- Commercial Banking Origination | Advised Gayosso/HSBC for the syndicated loan to substitute the CPPIB's financing |
| Victor Coalla | Av. Paseo de la Reforma 347 México D.F. 06500 | Head Corporate Banking | Advised Gayosso/HSBC for the syndicated loan to substitute the CPPIB's financing |
| Antonio Sañudo | Av. Paseo de la Reforma 347 México D.F. 06500 | Director Corporate Banking | Advised Gayosso/HSBC for the syndicated loan to substitute the CPPIB's financing |
| David Durán | Av. Paseo de la Reforma 347 México D.F. 06500 | Relationship Manager Corporate Banking | Advised Gayosso/HSBC for the syndicated loan to substitute the CPPIB's financing |
| Ali Lam | Av. Paseo de la Reforma 347 México D.F. 06500 | Relationship Manger Support Corporate Banking | Advised Gayosso/HSBC for the syndicated loan |

| Names | Addresses | Employment titles | Basis of Knowledge |
|---|---|---|---|
| | | | to substitute the CPPIB's financing |
| **Creel, García-Cuéllar, Aiza y Enríquez** | | | |
| Pedro Velasco | Torre Virreyes Pedregal 24, Floor 24th, Molino del Rey, Mexico City 11040 | Partner | Lenders' Legal Counsel for the syndicated loan |
| Emilio Aarún | Torre Virreyes Pedregal 24, Floor 24th, Molino del Rey, Mexico City 11040 | Partner | Lenders' Legal Counsel for the syndicated loan |
| Victor Gallegos | Torre Virreyes Pedregal 24, Floor 24th, Molino del Rey, Mexico City 11040 | Counsel | Lenders' Legal Counsel for the syndicated loan |
| Martín Pavón | Torre Virreyes Pedregal 24, Floor 24th, Molino del Rey, Mexico City 11040 | Associate | Lenders' Legal Counsel for the syndicated loan |
| Javier Lavalle | Torre Virreyes Pedregal 24, Floor 24th, Molino del Rey, Mexico City 11040 | Associate | Lenders' Legal Counsel for the syndicated loan |
| **Finance Law Advisory Group** | | | |
| Boris Otto | Calle Bernardo de Gálvez 135, Lomas - Virreyes, IV Sección, | Partner | Gayosso's Legal Counsel for the syndicated loan |

| Names | Addresses | Employment titles | Basis of Knowledge |
|---|---|---|---|
| | Miguel Hidalgo, 11000 Ciudad de México, CDMX | | |
| Adrian Cabrero | Calle Bernardo de Gálvez 135, Lomas - Virreyes, IV Sección, Miguel Hidalgo, 11000 Ciudad de México, CDMX | Partner | Gayosso's Legal Counsel for the syndicated loan |
| Salvador Padilla | Calle Bernardo de Gálvez 135, Lomas - Virreyes, IV Sección, Miguel Hidalgo, 11000 Ciudad de México, CDMX | Associate | Gayosso's Legal Counsel for the syndicated loan |
| Mariana Montaño | Calle Bernardo de Gálvez 135, Lomas - Virreyes, IV Sección, Miguel Hidalgo, 11000 Ciudad de México, CDMX | Associate | Gayosso's Legal Counsel for the syndicated loan |
| **Ritch Mueller** | | | |
| Alejandra Eheverría González | Av. Pedregal No. 24 Piso 10, Molino del Rey, 11040, CDMX | Legal Counsel | Advised Advent, Gayosso and CPPIB for the release of guarantees granted under the CPPIB financing |
| **Sarur Servicios Integrales** | | | |
| Raúl Sánchez | Paseo de la Reforma 2345-101, Col. Lomas de Reforma, Miguel Hidalgo, CP. 11930, CDMX | Partner | Advised Servicios Funerarios in Gayosso's acquisition and sale and leaseback with Fibra UNO |

| Names | Addresses | Employment titles | Basis of Knowledge |
|-------|-----------|-------------------|---------------------|
| Miranda Bandala | Paseo de la Reforma 2345-101, Col. Lomas de Reforma, Miguel Hidalgo, CP. 11930, CDMX | Counsel | Advised Servicios Funerarios in Gayosso's acquisition and sale and leaseback with Fibra UNO |
| Ivan Apatenco | Paseo de la Reforma 2345-101, Col. Lomas de Reforma, Miguel Hidalgo, CP. 11930, CDMX | Counsel | Advised Servicios Funerarios in Gayosso's acquisition and sale and leaseback with Fibra UNO |
| Jimena Rodriguez | Paseo de la Reforma 2345-101, Col. Lomas de Reforma, Miguel Hidalgo, CP. 11930, CDMX | Counsel | Advised Servicios Funerarios in Gayosso's acquisition and sale and leaseback with Fibra UNO |
| **Pontones & Ledesma** | | | |
| Arturo Ledesma Ruiz | Tennyson 17, Piso 2. Col. Polanco Chapultepec, Del. miguel Hidalgo 11560 CDMX | Partner | Advised Servicios Funerarios for Gayosso's real estate properties due diligence required for Gayosso's sale and leaseback transaction and guarantees of Gayosso's syndicated loan |
| Irving Mallen | Tennyson 17, Piso 2. Col. Polanco Chapultepec, Del. miguel Hidalgo 11560 CDMX | | Advised Servicios Funerarios for Gayosso's real estate properties due diligence required for Gayosso's sale |

| Names | Addresses | Employment titles | Basis of Knowledge |
|---|---|---|---|
| | | | and leaseback transaction and guarantees of Gayosso's syndicated loan |
| **Mancera- E&Y** | | | |
| Rafael Aguirre | Av. Ejército Nacional 843 - B Piso 5 Col. Granada, Antara Polanco , CDMX 11520, México, | Former Partner- Transaction Services | Advised Servicios Funerarios for Gayosso's financial due diligence for the acquisition, coordinated the labor and tax due diligence for the acquisition |
| José Luis Acosta | Av. Ejército Nacional 843 - B Piso 5 Col. Granada, Antara Polanco, CDMX 11520, México, | Transaction Services | Advised Servicios Funerarios for Gayosso's financial due diligence for the acquisition, coordinated the labor and tax due diligence for the acquisition |
| Liliana Chong | Av. Ejército Nacional 843 - B Piso 5 Col. Granada, Antara Polanco, CDMX 11520, México, | Transaction Services | Advised Servicios Funerarios for Gayosso's financial due diligence for the acquisition, coordinated the labor and tax due diligence for the acquisition |
| Fernando Escamilla | Av. Ejército Nacional 843 - B Piso 5 Col. Granada, Antara | Partner- Transaction Tax | Advised Servicios Funerarios on the tax structure for Gayosso's acquisition |

| Names | Addresses | Employment titles | Basis of Knowledge |
|---|---|---|---|
|  | Polanco, CDMX 11520, México, |  |  |
| Miguel Ibañez | Av. Ejército Nacional 843 - B Piso 5 Col. Granada, Antara Polanco, CDMX 11520, México, | Manager-Transaction Tax | Advised Servicios Funerarios on the tax structure for Gayosso's acquisition |
| Iván Pardo | Av. Ejército Nacional 843 - B Piso 5 Col. Granada, Antara Polanco, CDMX 11520, México, | Former Manager-Transaction Tax | Advised Servicios Funerarios on the tax structure for Gayosso's acquisition |
| Mario Arregoytia | Av. Ejército Nacional 843 - B Piso 5 Col. Granada, Antara Polanco, CDMX 11520, México, | Partner Audit | Reviewed the transaction for auditing purposes |
| **Notaria 24 CDMX** | | | |
| Marisol Sabater | Monte Líbano 960, Lomas de Chapultepec, Miguel Hidalgo, 11000 | Lawyer | Notary for Gayosso's M&A, Gayosso's Syndicated Loan and Gayosso's Sale and Leaseback |
| Armando Gómez | Monte Líbano 960, Lomas de Chapultepec, Miguel Hidalgo, 11000 | Lawyer | Notary for Gayosso's M&A, Gayosso's Syndicated Loan and Gayosso's Sale and Leaseback |
| Edgar Huerta | Monte Líbano 960, Lomas de Chapultepec, Miguel Hidalgo, 11000 | Lawyer | Notary for Gayosso's M&A, Gayosso's Syndicated Loan |

| Names | Addresses | Employment titles | Basis of Knowledge |
|---|---|---|---|
| | | | and Gayosso's Sale and Leaseback |
| Miguel Anaya | Monte Líbano 960, Lomas de Chapultepec, Miguel Hidalgo, 11000 | Lawyer | Notary for Gayosso's M&A, Gayosso's Syndicated Loan and Gayosso's Sale and Leaseback |
| **Fibra UNO** | | | |
| Andre Elmann Arazi | Antonio Dovali Jaime 70 Samara Torre B Piso 11 CDMX | DG Fibra UNO | Analyzed and advised Fibra UNO for Gayosso's sale and leaseback transaction |
| Gonzalo Robina | Antonio Dovali Jaime 70 Samara Torre B Piso 11 CDMX | DGA Fibra UNO | Analyzed and advised Fibra UNO for Gayosso's sale and leaseback transaction |
| Pablo Gómez | Antonio Dovali Jaime 70 Samara Torre B Piso 11 CDMX | Head of Financial Planning – FIBRA UNO | Analyzed and advised Fibra UNO for Gayosso's sale and leaseback transaction |
| Patricio Hernández | Antonio Dovali Jaime 70 Samara Torre B Piso 11 CDMX | M&A- FIBRA UNO | Analyzed and advised Fibra UNO for Gayosso's sale and leaseback transaction |
| Alejandro Chico | Antonio Dovali Jaime 70 Samara Torre B Piso 11 CDMX | Legal VP Fibra UNO | Analyzed and advised Fibra UNO for Gayosso's sale and leaseback transaction |
| **CPPIB** | | | |
| David Colla | Managing Director | Madison Avenue 510, floor 15th, NY, 10022, NY | Analyzed potential financing of the transaction. Lender |

| Names | Addresses | Employment titles | Basis of Knowledge |
|---|---|---|---|
| | | | of Gayosso at closing |
| Nils Schulze-Halberg | Senior Principal | Madison Avenue 510, floor 15th, NY, 10022, NY | Analyzed potential financing of the transaction. Lender of Gayosso at closing |
| Alberto Garrido | | Madison Avenue 510, floor 15th, NY, 10022, NY | Analyzed potential financing of the transaction. Lender of Gayosso at closing |
| Anthony Hernandez | | Madison Avenue 510, floor 15th, NY, 10022, NY | Analyzed potential financing of the transaction. Lender of Gayosso at closing |
| Shirley Shen | | Madison Avenue 510, floor 15th, NY, 10022, NY | Analyzed potential financing of the transaction. Lender of Gayosso at closing |

Servicios Funerarios reserves the right to amend this list as discovery progresses.

## INTERROGATORY NO. 6

Describe in detail, and with reference to supporting documents, all engagements, arrangements, or other interactions between Servicios Funerarios' and any auditor, accountant, or entity that provides auditing or accounting services, including without limitation any changes in Servicios Funerarios' engagement with any auditor, accountant, or entity that provides auditing or accounting services; the reasons for the change in auditor, accountant, or entity that provides auditing or accounting services; and any changes in Servicios Funerarios' auditing or accounting practices that Servicios Funerarios' has made

and the reasons for making each change, including without limitation any changes to Servicios Funerarios' revenue recognition and cost recognition practices. For the avoidance of doubt, this Interrogatory includes all engagements, arrangements, or other interactions between Gayosso and any auditor, accountant, or entity that provides auditing or accounting services subsequent to the January 2021 closing of the Gayosso Transaction.

**RESPONSE:**

Servicios Funerarios has no arrangements or supporting documents with any auditor, accountant, or entity that provides auditing or accounting services. Execution Finance entered into an agreement with EY on or about August 1, 2019, to perform financial due diligence of Gayosso (a copy which agreement will be produced):

| Date | Provider | Service |
|------|----------|---------|
| January 10, 2019 | EY | Financial, tax and social security due diligence for the acquisition of Grupo Gayosso. |

Gayosso has had the following engagements for the provision of accounting or auditing services (a copy of each such agreement will be produced):

| Date | Provider | Service |
|------|----------|---------|
| January 25, 2017 | EY | Technical Memorandum for the implementation of IFRS and its impact on the financial statements for 2016 and 2015 |
| July 24, 2017 | EY | Auditing of Grupo Gayosso for 2017, 2016 and 2015 Auditing from some subsidiaries of Grupo Gayosso for 2017, 2016 and 2015 Elaboration of quarterly Cash Flow Statements in relation with the financing from CPPIB |
| August 8, 2017 | EY | Auditing of the contributions to the Social Security system for 2017 |

| Date | Provider | Service |
|------|----------|---------|
| September 11, 2018 | EY | Auditing of Grupo Gayosso for 2018<br>Auditing from some subsidiaries of Grupo Gayosso for 2018<br>Elaboration of quarterly Cash Flow Statements in relation with the financing from CPPIB |
| March 27, 2019 | EY | Implementation of the IFRS 16 related to leases<br>Definition of new policy IFRS 9 regarding future losses |
| June 3, 2019 | EY | Auditing of Grupo Gayosso for 2019<br>Auditing from some subsidiaries of Grupo Gayosso for 2019<br>Elaboration of quarterly Cash Flow Statements in relation with the financing from CPPIB |
| June 18, 2020 | EY | Review all documentation for the sale of the shares of Gayosso and the S&LB, including their impacts in the financial statements |
| July 22, 2020 | EY | Auditing of Grupo Gayosso for 2020<br>Auditing from some subsidiaries of Grupo Gayosso for 2020<br>Elaboration of quarterly Cash Flow Statements in relation with the financing from CPPIB |
| July, 2021 | Deloitte | Advisory to analyze the costs associated with the revenues recognized under IFRS |
| October 15, 2021 | EY | Auditing of Grupo Gayosso for 2021<br>Auditing from some subsidiaries of Grupo Gayosso for 2021<br>Elaboration of quarterly Cash Flow Statements in relation with the Syndicated loan |
| October 2021 | EY | Auditing of the contributions to the social security system for 2021 |
| October 2021 | EY | Auditing of transfer pricing for 2021 |
| December 2021 | EY | Defense of the SAT claim of 2016 taxes |
|  |  |  |
| February 2, 2022 | EY | PRODECON controversy for the merger of Jardines del Tiempo with its parent company Grupo Gayosso |
| November 18, 2022 | PWC | Analysis of revenue recognition under IFRS |
| November 23, 2022 | Deloitte | Auditing of Grupo Gayosso for 2021 and 2022<br>Auditing from some subsidiaries of Grupo Gayosso for 2021 and 2022 |

| Date | Provider | Service |
|------|----------|---------|
|  |  | Elaboration of quarterly Cash Flow Statements in relation with the Syndicated loan |
| March 24, 2023 | Deloitte | Defense of the SAT claim of 2016 taxes |

## INTERROGATORY NO. 7

Identify the names, addresses, employment titles, dates of employment, and primary responsibilities of each person who is, or has ever been, an officer or executive of Servicios Funerarios, including without limitation (and regardless of whether they held the role of an officer or executive) all current and former roles held, and responsibilities performed, by Carlos Peña, Pablo Peña, and Octavio Trejo, as well as the first date on which Servicios Funerarios communicated with Carlos Peña, Pablo Peña, and Octavio Trejo regarding all current and former roles.  For the avoidance of doubt, this Interrogatory includes the names, addresses, employment titles, and primary responsibilities of each person who is, or has ever been, an officer or executive of Gayosso subsequent to the January 2021 closing of the Gayosso Transaction.

**RESPONSE:**

| Name | Position | Beginning Date | Termination Date | Responsibility |
|------|----------|----------------|------------------|----------------|
| **CURRENT EMPLOYEES** | | | | |
| Carlos Peña Vazquez | CEO | February 1, 2021 | December 2, 2022 | Define strategy and supervise day to day operations |
| Carlos Peña Vazquez | Executive President | December 2, 2022 | | Lead public relations, supervise execution of the agreements at the Board |

29

| Name | Position | Beginning Date | Termination Date | Responsibility |
|---|---|---|---|---|
| Juan Jesus Rodriguez Garcia | Deputy CEO | June 13, 2022 | December 2, 2022 | Lead operations, define new products, execute reorganization |
| Juan Jesus Rodriguez Garcia | CEO | December 2, 2022 | | Define strategy and supervise day to day operations |
| Midory Vazquez Nava | Administrative Director | March 8, 2021 | February 28, 2023 | Lead administration, client service, and financial controlling |
| Midory Vazquez Nava | CFO | February 28, 2023 | | Lead administration, accounting, fiscal, financial reporting and controlling |
| Ricardo Lemus Cazares | Operations Director | September 3, 1993 | | Lead operation in funeral homes, cemeteries, and mausoleums |
| Maria Isela Montenegro Aranda | CTO | February 15, 1995 | | Lead software developments, systems maintenance, networks, and IT applications |
| Gabriela Cruz Romero | Director de Gestion de Recursos | February 23, 2015 | | Lead collections, purchasing department and client service |
| Arnulfo Mejia Caballero | General Counsel | May 17, 2021 | | Lead legal department and security |
| Jorge Leonardo Palomera Ruiz | Commercial Director | January 30, 2023 | | Lead pre-need sales nationwide |
| Emilio de Leyva Escobar | Director of People, Projects and Processes | April 11, 2023 | | Lead human resources department, design and implement processes, certifications and projects |
| **FORMER EMPLOYEES** | | | | |
| Everardo Garcia Moreno | Commercial Director | February 8, 2011 | January 28, 2023 | Lead pre-need sales nationwide |

| Name | Position | Beginning Date | Termination Date | Responsibility |
|------|----------|----------------|------------------|----------------|
| Oscar Chavez Chavez | Planning and Marketing Director | August 5, 2013 | December 31, 2021 | Design commercial offer, marketing campaigns, and digital marketings |
| Luis Arturo Flores Cedeño | Director of Human Resources | May 16, 2012 | May 19, 2023 | Lead human resources department |
| Octavio Trejo Garcia | CFO | May 14, 2014 | February 28, 2023 | Lead accounting, financial reporting and fiscal. Before closing, also administration, legal, purchasing department, client service and financial controlling departments |
| Abigail Alejandro Sosa Hernandez | Director of Operations | January 5, 2015 | June 15, 2021 | Lead constructions, projects, maintenance, logistics, security and cemetery operations |
| Alejandro Kourchenko Torres | CTO | May 6, 2019 | May 15, 2021 | Lead software developments, systems maintenance, networks, and IT applications |

## **<u>VERIFICATION</u>**

I, Pablo Peña, hereby state that I am authorized to sign these Answers to Interrogatories on behalf of Servicios Funerarios GG, S.A. DE C.V., the subjects stated in the foregoing answers are not all within my personal knowledge, no one representative of Servicios Funerarios GG, S.A. DE C.V. has personal knowledge over all such subjects, I have assembled the answers by communicating with employees and/or agents of Servicios Funerarios GG, S.A. DE C.V., and I believe the answers and facts included herein are accurate and true to the best of my knowledge.

Date: _____June 5, 2023_____          _____

                                                                    Pablo Peña

Dated:  June 5, 2023

**BOIES SCHILLER FLEXNER LLP**

*/s/ David Boies*

David Boies
333 Main Street8765438uiyj
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300
dboies@bsfllp.com

Carlos M. Sires
Jason Hilborn
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida  33301
Telephone:  (954) 356-0011
Facsimile:   (954) 356-0022
csires@bsfllp.com
jhilborn@bsfllp.com

*Attorneys for Plaintiff Servicios Funerarios
GG, S.A. de C.V.*

Respectfully submitted,

**LESSER, NEWMAN, ALEO & NASSER LLP**

*/s/ Michael Aleo*

Michael Aleo
Thomas Lesser
39 Main Street, Suite 1
Northampton, MA  01060
Telephone:  (413) 584-7331
Facsimile:   (413) 586-7076
aleo@LNN-law.com
lesser@LNN-law.com

*Attorneys for Plaintiff Servicios
Funerarios GG, S.A. de C.V.*

## CERTIFICATE OF SERVICE

I, Michael Aleo, hereby certify that this document was sent by electronic mail to counsel for Advent International Corporation.

Date: June 5, 2023

*/s/ Michael Aleo*
Michael Aleo