# EXHIBIT 58

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | |
|---|---|
| SERVICIOS FUNERARIOS GG, S.A. DE C.V. )<br>*Plaintiff* )<br>v. )<br>ADVENT INTERNATIONAL CORPORATION )<br>*Defendant* ) | Civil Action No. 1:23-cv-10684 |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Fibra Uno Administracion SA de CV

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See attached Schedule B

| Place: Ropes & Gray LLP<br>1211 Avenue of the Americas<br>New York, NY 510036 | Date and Time:<br>12/14/2023 9:00 am |
|---|---|

The deposition will be recorded by this method: stenographically and videotaped

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/14/2023

| *CLERK OF COURT* | OR | /s/ Peter L. Welsh |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Advent International Corporation , who issues or requests this subpoena, are:

Peter Welsh, Ropes & Gray LLP
1211 Avenue of the Americas, New York, NY 10036; Peter.Welsh@ropesgray.com; 617 951 7865

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:23-cv-10684

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE B

## DEPOSITION REQUEST TO FIBRA UNO

## DEFINITIONS AND INSTRUCTIONS

All definitions and instructions from Schedule A are incorporated by reference here.

## EXAMINATION TOPICS

**Topic No. 1**: Your role in the Gayosso Transaction, including:

a) about the documents and communications You reviewed related to the Gayosso Transaction or Gayosso, including any financial statements or reports related to Gayosso or its subsidiaries;

b) any internal deliberations, discussions, analyses, or recommendations by or among You regarding the Gayosso Transaction or Gayosso; and

c) any communications between You, Andre El-Mann, and Servicios Funerarios or Gayosso regarding the Gayosso Transaction or Gayosso.

**Topic No. 2**: The role of You or the El-Mann Family in the Gayosso Transaction, including:

a) about the documents and communications the El-Mann Family reviewed related to the Gayosso Transaction or Gayosso, including any financial statements or reports related to Gayosso or its subsidiaries;

b) about any internal deliberations, discussions, analyses, or recommendations by or among the El-Mann Family regarding the Gayosso Transaction or Gayosso; and

c) about any communications between the El-Mann Family and the witness, Servicios Funerarios, or Gayosso regarding the Gayosso Transaction or Gayosso.

**Topic No. 3**: The legal ownership of the Real Estate as a result of or following the Gayosso Transaction, including acquisition of the Real Estate by You, Servicios Funerarios, Andre El-Mann, or the El-Mann Family as a result of or following the Gayosso Transaction.

**Topic No. 4**: Any investment in the Real Estate by You, Servicios Funerarios, Andre El-Mann, or the El-Mann Family.

**Topic No. 5**: The income or return on investment projected to flow to You, Servicios Funerarios, Fibra Uno, or the El-Mann Family as a result of acquiring any ownership interest in the Real Estate, including any analysis done thereof.

**Topic No. 6**: Any due diligence conducted by You, Fibra Uno, or Servicios Funerarios of Gayosso in connection with the SPA and Gayosso Transaction, including:

a) about any document requests made by You, the El-Mann Family, or Servicios Funerarios;

b) about any documents that were reviewed by You, the El-Mann Family, or Servicios Funerarios;

c) about any analysis conducted in connection with the SPA including any valuation, quality of earning, and researches; and

d) about any communications between Gayosso and You, Servicios Funerarios, or the El-Mann Family.

**Topic No. 7**: Gayosso's SAP system or any other financial information system used by Gayosso, and any review thereof by You and/or the El-Mann Family.

**Topic No. 8**: Any review of Gayosso's compliance with legal requirements in connection with the Gayosso Transaction conducted by You and/or the El-Mann Family.

**Topic No. 9**: The SAP or any other financial information system used by Gayosso, including without limitation any and all documents and communications concerning the removal of, or failure to enter, any invoices or any other information.

**Topic No. 10**: The formation, ownership, management, and structure of Servicios Funerarios, and Your and/or the El-Mann Family's relationship therewith.

**Topic No. 11**: Any financing that You, Servicios Funerarios, and/or the El-Mann Family obtained or attempted to obtain in connection with the Gayosso Transaction, including without limitation any KYC performed by any bank.

**Topic No. 12**: Your knowledge of and involvement in the Mexican Civil Proceedings, as well as their current procedural status.

**Topic No. 13**: Your knowledge of and involvement in the Mexican Criminal Proceedings, as well as their current procedural status.