# EXHIBIT 59

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | |
|---|---|
| SERVICIOS FUNERARIOS GG, S.A. DE C.V. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:23-cv-10684 |
| ADVENT INTERNATIONAL CORPORATION | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Gonzalo Pedro Robina Ibarra

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A

| Place: Ropes & Gray LLP<br>1211 Avenue of the Americas<br>New York, NY 510036 | Date and Time:<br>12/14/2023 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/14/2023

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | /s/ Peter L. Welsh |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Advent International Corporation , who issues or requests this subpoena, are:

Peter Welsh, Ropes & Gray LLP
1211 Avenue of the Americas, New York, NY 10036; Peter.Welsh@ropesgray.com; 617.951.7865

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:23-cv-10684

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

Case 1:24-mc-00016-MKV   Document 7-60   Filed 01/10/24   Page 4 of 12

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DOCUMENT REQUESTS TO GONZALO PEDRO ROBINA IBARRA**

**DEFINITIONS AND INSTRUCTIONS**

1. The term "You" or "Your" means Gonzalo Pedro Robina Ibarra or any representative or agent thereof.

2. The term "document" includes without limitation any writing, drawing, graph, chart, photograph, sound recording, image, videotape, data, data compilation, computer data base or data bank, email, text message, WhatsApp message, instant message, or other item containing information of any kind or nature, however produced or reproduced, whether an original or a duplicate, whatever its origin or location, and regardless of the form in which such information exists or is maintained.

3. The term "communications" means the transmittal of information, whether in written, electronic, oral, or any other form, and includes without limitation any emails, correspondence, meeting notes, or other notes reflecting the transmittal of information.

4. The terms "concerning," "relating to," "referring to," "regarding," "reflecting," "in respect of," or "with respect to" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, evidencing, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, considering, bearing on, or otherwise involving, in whole or in part.

5. "Servicios Funerarios" means Servicios Funerarios GG, S.A. de C.V., as well as its predecessors, affiliates, subsidiaries, executives, officers, members, managers, trustees, employees, agents, attorneys, accountants, consultants, advisors, representatives, and all other

persons or entities acting on its behalf, at its insistence, for its benefit, or otherwise under its direction or control, or which control, or are under common control with, Servicios Funerarios GG, S.A. de C.V, including without limitation MexCap Partners, Execution Finance, Grupo E, and Gayosso.

6. "Gayosso" means Grupo Gayosso S.A. de C.V., as well as its predecessors, affiliates, subsidiaries, executives, officers, members, managers, trustees, employees, agents, attorneys, accountants, consultants, advisors, representatives, and all other persons or entities acting on its behalf, at its insistence, for its benefit, or otherwise under its direction or control, or which control, or are under common control with, Grupo Gayosso S.A. de C.V.

7. "Fibra Uno" or "FUNO" means Fibra Uno Administración S.A. de C.V., as well as its predecessors, affiliates, subsidiaries, executives, officers, members, managers, trustees, employees, agents, attorneys, accountants, consultants, advisors, representatives, and all other persons or entities acting on its behalf, at its insistence, for its benefit, or otherwise under its direction or control, or which control, or are under common control with, Fibra Uno Administración S.A. de C.V.

8. "El-Mann Family" means Fibra Uno, Andre El-Mann Arazi, and all known living relatives of Andre El-Mann Arazi by blood or marriage.

9. "SAP" means Gayosso's financial information system.

10. "SPA" means the Stock Purchase and Sale Agreement between TwiBel 1 SPRL, TwiBel 2 SPRL, TwiBel 3 SPRL, TwiBel 4 SPRL, Twibel 5 SPRL, Twibel 6 SPRL, and Twibel 7 SPRL and Servicios Funerarios entered into on January 24, 2020 and amended on January 27, 2020; September 30, 2020; December 18, 2020; and January 27, 2021, as amended.

11. "Gayosso Transaction" means the transactions contemplated by the SPA.

2

12. "AIC" means Advent International Corporation.

13. "Real Estate" means any real estate property, and any structure thereon, of which You, Servicios Funerarios, Fibra Uno, or the El-Mann Family acquired legal possession from Gayosso or AIC as a result of the Gayosso Transaction.

14. "Mexico Civil Proceeding" means the action initiated by Servicios Funerarios on or about March 24, 2022 against AIC, Advent Mexico, and TwiBel 1 SPRL, TwiBel 2 SPRL, TwiBel 3 SPRL, TwiBel 4 SPRL, Twibel 5 SPRL, Twibel 6 SPRL, and Twibel 7 SPRL in the Federal Court in Matters of Asset Forfeiture in Mexico City, including all subsequent and related proceedings, hearings, motions, rulings, and orders.

15. "Criminal Complaint" means the June 2, 2022 criminal complaint and October 5, 2022 supplemental statement of facts that Servicios Funerarios submitted to a Mexico City criminal prosecutor, including their accompanying witness declarations and any correspondence related thereto.

16. "Mexico Criminal Proceeding" means the Criminal Complaint, as well as the resulting criminal investigation initiated by prosecutor Andrés Maximino Pérez Hicks concerning the sale of Gayosso to Servicios Funerarios in criminal court in Mexico City, and all subsequent and related hearings, requests, motions, rulings, and orders, including any arrest warrants issued, embargoes against AIC-affiliated assets, and Interpol Red Notices sought and issued.

17. The documents shall be produced as they are kept in the ordinary course of business and shall be organized so that the Parties can ascertain the files in which the documents were located, their relative order in such files, and how such files were maintained.

18. If any portion of any document is responsive to any request, the entire document shall be produced. If any requested document cannot be produced in full, produce the document to the extent possible, specifying each reason for Your inability to produce the remainder, and stating whatever information, knowledge, or belief You have concerning the portion not produced.

19. If any document requested herein is withheld based upon a claim of privilege, state as to each such document: (i) the privilege asserted and its basis; (ii) the nature of the document withheld; (iii) the date of the document; (iv) the identity of the author; (v) the identity of each recipient of the document or a copy thereof; and (vi) the general subject matter of the document.

20. In the event that any document requested herein was formerly in Your actual or constructive possession, custody, or control and has been lost, destroyed, or otherwise disposed of, state as to each such document: (i) the title, nature, and subject matter of the document; (ii) the author(s) and recipient(s) of the document; (iii) the date of the document; (iv) the custodian(s) of the document; (v) the date on which the document was lost, destroyed, or otherwise disposed of; and (vi) the manner of and reasons for such loss, destruction, or other disposition.

21. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

22. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

23. The use of the singular form of any word includes the plural and vice versa.

24. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, as necessary, to bring within the scope of the Requests all responses that might otherwise be construed to be beyond their scope.

25. Unless otherwise specified, the time period covered by these requests includes the period beginning in January 1, 2017 and extending to the present.

<b><u>REQUESTS FOR PRODUCTION</u></b>

**Request No. 1**: All documents and communications concerning the Gayosso:

a) all communications and documents concerning Your role in the Gayosso Transaction;

b) all communications and documents You, Fibra Uno, or the El-Mann Family reviewed regarding the Gayosso Transaction or Gayosso, including any financial statements or reports related to Gayosso or its subsidiaries;

c) all communications between You, Fibra Uno, or the El-Mann Family and Servicios Funerarios or Gayosso regarding Gayosso or the Gayosso Transaction including bids, negotiations, and proceedings related thereto;

d) all internal communications by and among You, Fibra Uno, or the El-Mann Family regarding Gayosso or the Gayosso Transaction including bids, negotiations, and proceedings related thereto; and

e) any analysis, report, or recommendation You, Fibra Uno, or the El-Mann Family prepared, whether shared externally or maintained internally.

**Request No. 2**: All documents and communications concerning the Gayosso Transaction, including without limitation all documents and communications concerning Your, Fibra Uno's, the El-Mann Family's, or Servicios Funerarios' reasons for entering into the Transaction, all

terms, provisions, and drafts of the SPA, as well as any due diligence, valuation, quality of earnings, research, or other analysis conducted in connection therewith.

**Request No. 3**: All documents and communications concerning all sources of actual or potential financing or capital for the Gayosso Transaction, including without limitation any actual or potential financing from Servicios Funerarios, Pablo Peña, Carlos Peña, HSBC Holdings plc or any affiliate thereof, You, Fibra Uno, and/or the El-Mann Family or any other sources of financing or capital.

**Request No. 4**: All documents and communications with or concerning Ernst & Young, including without limitation all documents and communications exchanged with Ernst & Young or Mario Arregoytia García in their capacity as a representative of Servicios Funerarios, Gayosso, any prior potential buyer of Gayosso, or any other entity or individual; all documents and communications concerning any quality of earnings report or any other report prepared by Ernst & Young; and all documents and communications concerning Ernst & Young's involvement in the Gayosso Transaction.

**Request No. 5**: All documents and communications concerning Gayosso's compliance with GAAP, IFRS, or other accounting standards or principles, including without limitation all documents and communications concerning revenue recognition and cost recognition.

**Request No. 6**: All documents and communications concerning Gayosso's compliance with any legal requirements You, Servicios Funerarios, Fibra Uno, or the El-Mann Family assessed in connection with the Gayosso Transaction.

**Request No. 7**: All documents and communications concerning any financial or accounting analysis concerning Gayosso, including without limitation all audited and unaudited

financial statements, general ledgers, internal or external reports or work papers reflecting or relating to Gayosso's accounting.

**Request No. 8**: All documents and communications concerning SAP or any other financial information system used by Gayosso, including without limitation any and all documents and communications concerning the removal of, or failure to enter, any invoices or any other information, as well as any other documents and communications relating in any way to the allegations in paragraph 21 of the Massachusetts Complaint.

**Request No. 9**: All documents and communications concerning the formation, ownership, management, and structure of Servicios Funerarios, and Your relationship therewith.

**Request No. 10**: All documents and communications concerning any financing You, Servicios Funerarios, Fibra Uno, or the El-Mann Family obtained or attempted to obtain in connection with the Gayosso Transaction, including without limitation any KYC performed by any bank.

**Request No. 11**: All documents and communications relating to the legal ownership of the Real Estate as a result of or following the Gayosso Transaction, including all documents and communications relating to the acquisition of the Real Estate as a result of or following the Gayosso Transaction by You, Fibra Uno, or the El-Mann Family.

**Request No. 12**: All documents and communications relating to any investment by You, Fibra Uno, or the El-Mann Family in the Real Estate.

**Request No. 13**: All documents and communications relating to the income or return on investment projected to flow to You, Fibra Uno, or the El-Mann Family as a result of acquiring any ownership interest in the Real Estate, including any analysis thereof.

**Request No. 14**: All documents or communications concerning the Mexican Civil Proceeding.

**Request No. 15**: All documents or communications concerning the Mexican Criminal Proceeding.