# EXHIBIT 61

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SERVICIOS FUNERARIOS GG, S.A. DE C.V., | |
| Plaintiff, | |
| v. | |
| ADVENT INTERNATIONAL CORPORATION., | |
| Defendants, | C.A. No. 23-cv-10684-IT |
| And | |
| ADVENT INTERNATIONAL CORPORATION, | |
| Counterclaim-Plaintiffs, | |
| v. | |
| SERVICIOS FUNERARIOS GG, S.A. DE C.V., | |
| Counterclaim-Defendant. | |

**THIRD PARTY ANDRE EL-MANN ARAZI'S OBJECTIONS AND RESPONSES TO ADVENT INTERNATIONAL CORPORATION'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Third Party Andre El-Mann Arazi ("El-Mann") provides his objections and responses to Advent International Corporation's ("Advent International") Subpoena to Andre El-Mann Arazi to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena").

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

1.      El-Mann objects to the subpoena in its entirety for lack of proper service pursuant to FRCP 45(b). El-Mann provides these responses and objections provisionally, and reserves all rights to challenge the purported method of service.

1

2.　　El-Mann objects to the subpoena in its entirety for failure to comply with the geographic limitations of FRCP 45(c).

3.　　El-Mann objects to the subpoena in its entirety for lack of personal jurisdiction.

4.　　El-Mann's responses are based on his investigation to date of those sources within his possession, custody, or control and in which El-Mann reasonably believes responsive documents or information may exist.

5.　　El-Mann responds to each Request as and to the extent El-Mann currently interprets and understands it. If Advent International subsequently asserts an interpretation of a Request or term that differs from El-Mann's understanding, El-Mann reserves the right to alter or supplement his objections or responses.

6.　　To the extent El-Mann produces documents in response to these requests, he will do so only pursuant to a protective order that applies to his production.

7.　　El-Mann objects to the Requests insofar as Advent International seeks information or communications that are protected from discovery by the attorney-client privilege, the work product doctrine, common-interest privilege, or any other applicable laws, immunities, rules, or privileges. The production of any information by El-Mann in response to the Requests is not intended to be, and shall not be deemed to be, a waiver of any applicable right, privilege, or immunity.

8.　　El-Mann objects to the Requests to the extent they seek the production of documents containing confidential information including confidential and/or proprietary business, financial, personal, and/or technical information, documents, or trade secrets, the disclosure of which may damage the business of El-Mann, breach any duty or regulatory requirement, or violate any agreement or order pursuant to which El-Mann is precluded from disclosing such information or documents.

9.　　El-Mann objects to the Requests as unnecessarily complex, onerous, and unduly burdensome for a non-party and as exceeding permissible discovery. Advent International has failed to take reasonable steps to avoid imposing undue burden and expense on a person subject to the subpoena.

10.　　El-Mann objects to the Requests to the extent they attempt to impose any obligation contrary to or broader than required by the Federal Rules of Civil Procedure or the Local Rules of the applicable courts.

11.　　El-Mann objects to the Requests to the extent they attempt to impose any obligation contrary to or broader than required by applicable law, including Mexican law.

12.　　The objections set forth in these responses are not necessarily comprehensive, and El-Mann reserves the right to amend or supplement these responses should additional or different information become known to him, whether through discovery, further investigation, or

otherwise. Furthermore, by notifying you of these objections, El-Mann does not waive his right to seek to quash or modify the subpoena or to obtain any other relief to which he may be entitled.

## OBJECTIONS TO ADVENT INTERNATIONAL'S DEFINITIONS AND INSTRUCTIONS

1.       El-Mann objects to the Definitions and Instructions to the extent they impose any obligation contrary to or broader than required by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law.

2.       El-Mann objects to the definition of "Servicios Funerarios" as overbroad, vague, and contrary to fact to the extent it includes any entity other than Servicios Funerarios GG, S.A. de C.V.

3.       El-Mann objects to the definition of "you," and "your" as overbroad, vague, and contrary to fact to the extent it includes anyone other than El-Mann.

4.       El-Mann objects to the definition of "Fibra Uno" as overbroad, vague, and contrary to fact to the extent it includes any entity other than Fibra Uno Administracion S.A. de S.V.

5.       El-Mann objects to the definition of "El-Mann Family" as overbroad, vague, and contrary to fact.

6.       El-Mann objects to the definition of "Gayosso Transaction" as overbroad and vague to the extent it includes transactions "contemplated" by the SPA.

## OBJECTIONS AND RESPONSES TO ADVENT INTERNATIONAL'S SUBPOENA

**Request No. 1:** All documents and communications concerning the Gayosso Transaction, including:

a) all communications and documents concerning Your role in the Gayosso Transaction;

b) all communications and documents You, Fibra Uno, or the El-Mann Family reviewed regarding the Gayosso Transaction or Gayosso, including any financial statements or reports related to Gayosso or its subsidiaries;

c) all communications between You, Fibra Uno, or the El-Mann Family and Servicios, on one hand Funerarios or Gayosso, on the other hand regarding Gayosso or the Gayosso Transaction including bids, negotiations, and proceedings related thereto;

d) all internal communications by and among You, Fibra Uno, or the El-Mann Family regarding Gayosso or the Gayosso Transaction including bids, negotiations, and

proceedings related thereto; and

e) any analysis, report, or recommendation You, Fibra Uno, or the El-Mann Family prepared, whether shared externally or maintained internally.

**Response:** El-Mann incorporates his preliminary statement, general objections, and objections to instructions. El-Mann objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case, taking into account the relative importance of the sought-after discovery for resolving issues in the case and El-Mann's status as a non-party. El-Mann objects to this Request on the basis that it includes within its scope documents and communications not relevant to any claim or defense. El-Mann further objects to this Request as seeking documents that are not within El-Mann's possession, custody, or control. El-Mann further objects to this Request on the basis that the documents sought by this Request can be obtained from and are thus more appropriately sought from other parties, including Servicios Funerarios and/or Advent International.

**Request No. 2:** All documents and communications concerning the Gayosso Transaction, including without limitation all documents and communications concerning Your, Fibra Uno's, the El-Mann Family's, or Servicios Funerarios' reasons for entering into the Transaction, all terms, provisions, and drafts of the SPA, as well as any due diligence, valuation, quality of earnings, research, or other analysis conducted in connection therewith.

**Response:** El-Mann incorporates his preliminary statement, general objections, and objections to instructions. El-Mann objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case, taking into account the relative importance of the sought-after discovery for resolving issues in the case and El-Mann's status as a non-party. El-Mann objects to this Request on the basis that it includes within its scope documents and communications not relevant to any claim or defense. El-Mann further objects to this Request as seeking documents that are not within El-Mann's possession, custody, or control. El-Mann further objects to this Request on the basis that the documents sought by this Request can be obtained from and are thus more appropriately sought from other parties, including Servicios Funerarios and/or Advent International. El-Mann further objects to this Request to the extent it presumes that "the El-Mann Family" played a "role . . . in the Gayosso Transaction."

**Request No. 3:** All documents and communications concerning all sources of actual or potential financing or capital for the Gayosso Transaction, including without limitation any actual or potential financing from Servicios Funerarios, Pablo Pena, Carlos Pena, HSBC Holdings plc or any affiliate thereof, You, Fibra Uno, and/or the El-Mann Family or any other sources of financing or capital.

**Response:** El-Mann incorporates his preliminary statement, general objections, and objections to instructions. El-Mann objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case, taking into account the relative importance of the sought-after discovery for resolving issues in the case and El-Mann's status as a non-party. El-Mann objects to this Request on the basis that it includes within its scope documents and

communications not relevant to any claim or defense. El-Mann further objects to this Request as seeking documents that are not within El-Mann's possession, custody, or control. El-Mann further objects to this Request on the basis that the documents sought by this Request can be obtained from and are thus more appropriately sought from other parties, including Servicios Funerarios and/or Advent International. El-Mann further objects to this Request to the extent it presumes that "the El-Mann Family" played a "role . . . in the Gayosso Transaction."

**Request No. 4:** All documents and communications with or concerning Ernst & Young, including without limitation all documents and communications exchanged with Ernst & Young or Mario Arregoytia Garcia in their capacity as a representative of Servicios Funerarios, Gayosso, any prior potential buyer of Gayosso, or any other entity or individual; all documents and communications concerning any quality of earnings report or any other report prepared by Ernst & Young; and all documents and communications concerning Ernst & Young's involvement in the Gayosso Transaction.

**Response:** El-Mann incorporates his preliminary statement, general objections, and objections to instructions. El-Mann objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case, taking into account the relative importance of the sought-after discovery for resolving issues in the case and El-Mann's status as a non-party. El-Mann objects to this Request on the basis that it includes within its scope documents and communications not relevant to any claim or defense. El-Mann further objects to this Request as seeking documents that are not within El-Mann's possession, custody, or control.

**Request No. 5:** All documents and communications concerning Gayosso's compliance with GAAP, IFRS, or other accounting standards or principles, including without limitation all documents and communications concerning revenue recognition and cost recognition.

**Response:** El-Mann incorporates his preliminary statement, general objections, and objections to instructions. El-Mann objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case, taking into account the relative importance of the sought-after discovery for resolving issues in the case and El-Mann's status as a non-party. El-Mann objects to this Request on the basis that it includes within its scope documents and communications not relevant to any claim or defense. El-Mann further objects to this Request as seeking documents that are not within El-Mann's possession, custody, or control.

**Request No. 6:** All documents and communications concerning Gayosso's compliance with any legal requirements You, Servicios Funerarios, Fibra Uno, or the El-Mann Family assessed in connection with the Gayosso Transaction.

**Response:** El-Mann incorporates his preliminary statement, general objections, and objections to instructions. El-Mann objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case, taking into account the relative importance of the sought-after discovery for resolving issues in the case and El-Mann's status as a non-party. El-Mann objects to this Request on the basis that it includes within its scope documents and communications not relevant to any claim or defense. El-Mann further objects to this Request as seeking documents that are not within El-Mann's possession, custody, or control. El-Mann

further objects to this Request on the basis that the documents sought by this Request can be obtained from and are thus more appropriately sought from other parties, including Servicios Funerarios and/or Advent International. El-Mann further objects to this Request to the extent it presumes that "the El-Mann Family" played a "role . . . in the Gayosso Transaction."

**Request No. 7:** All documents and communications concerning any financial or accounting analysis concerning Gayosso, including without limitation all audited and unaudited financial statements, general ledgers, internal or external reports or work papers reflecting or relating to Gayosso's accounting.

**Response:** El-Mann incorporates his preliminary statement, general objections, and objections to instructions. El-Mann objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case, taking into account the relative importance of the sought-after discovery for resolving issues in the case and El-Mann's status as a non-party. El-Mann objects to this Request on the basis that it includes within its scope documents and communications not relevant to any claim or defense. El-Mann further objects to this Request as seeking documents that are not within El-Mann's possession, custody, or control. El-Mann further objects to this Request on the basis that the documents sought by this Request can be obtained from and are thus more appropriately sought from other parties, including Servicios Funerarios and/or Advent International.

**Request No. 8:** All documents and communications concerning SAP or any other financial information system used by Gayosso, including without limitation any and all documents and communications concerning the removal of, or failure to enter, any invoices or any other information, as well as any other documents and communications relating in any way to the allegations in paragraph 21 of the Massachusetts Complaint.

**Response:** El-Mann incorporates his preliminary statement, general objections, and objections to instructions. El-Mann objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case, taking into account the relative importance of the sought-after discovery for resolving issues in the case and El-Mann's status as a non-party. El-Mann objects to this Request on the basis that it includes within its scope documents and communications not relevant to any claim or defense. El-Mann further objects to this Request as seeking documents that are not within El-Mann's possession, custody, or control. El-Mann further objects to this Request on the basis that the documents sought by this Request can be obtained from and are thus more appropriately sought from other parties, including Servicios Funerarios and/or Advent International.

**Request No. 9:** All documents and communications concerning the formation, ownership, management, and structure of Servicios Funerarios, and Your relationship therewith.

**Response:** El-Mann incorporates his preliminary statement, general objections, and objections to instructions. El-Mann objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case, taking into account the relative importance of the sought-after discovery for resolving issues in the case and El-Mann's status as a non-party. El-Mann objects to this Request on the basis that it includes within its scope documents and

communications not relevant to any claim or defense. El-Mann further objects to this Request to the extent it presumes a relationship between El-Mann and Servicios Funerarios. El-Mann further objects to this Request as seeking documents that are not within El-Mann's possession, custody, or control. El-Mann further objects to this Request on the basis that the documents sought by this Request can be obtained from and are thus more appropriately sought from other parties, including Servicios Funerarios and/or Advent International.

**Request No. 10:** All documents and communications concerning any financing You, Servicios Funerarios, Fibra Uno, or the El-Mann Family obtained or attempted to obtain in connection with the Gayosso Transaction, including without limitation any KYC ('You're your Client') performed by any bank.

**Response:** El-Mann incorporates his preliminary statement, general objections, and objections to instructions. El-Mann objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case, taking into account the relative importance of the sought-after discovery for resolving issues in the case and El-Mann's status as a non-party. El-Mann objects to this Request on the basis that it includes within its scope documents and communications not relevant to any claim or defense. El-Mann further objects to this Request as seeking documents that are not within El-Mann's possession, custody, or control. El-Mann further objects to this Request on the basis that the documents sought by this Request can be obtained from and are thus more appropriately sought from other parties, including Servicios Funerarios and/or Advent International. El-Mann further objects to this Request to the extent it presumes that "the El-Mann Family" played a "role . . . in the Gayosso Transaction."

**Request No. 11:** All documents and communications relating to the legal ownership of the Real Estate as a result of or following the Gayosso Transaction, including all documents and communications relating to the acquisition of the Real Estate as a result of or following the Gayosso Transaction by You, Fibra Uno, or the El-Mann Family.

**Response:** El-Mann incorporates his preliminary statement, general objections, and objections to instructions. El-Mann objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case, taking into account the relative importance of the sought-after discovery for resolving issues in the case and El-Mann's status as a non-party. El-Mann objects to this Request on the basis that it includes within its scope documents and communications not relevant to any claim or defense. El-Mann further objects to this Request as seeking documents that are not within El-Mann's possession, custody, or control. El-Mann further objects to this Request on the basis that the documents sought by this Request can be obtained from and are thus more appropriately sought from other parties, including Servicios Funerarios and/or Advent International. El-Mann further objects to this Request to the extent it presumes that "the El-Mann Family" played a "role . . . in the Gayosso Transaction."

**Request No. 12:** All documents and communications relating to any investment by You, Fibra Uno, or the El-Mann Family in the Real Estate.

**Response:** El-Mann incorporates his preliminary statement, general objections, and objections to instructions. El-Mann objects to this Request as overly broad, unduly burdensome, and

disproportionate to the needs of the case, taking into account the relative importance of the sought-after discovery for resolving issues in the case and El-Mann's status as a non-party. El-Mann objects to this Request on the basis that it includes within its scope documents and communications not relevant to any claim or defense. El-Mann further objects to this Request as seeking documents that are not within El-Mann's possession, custody, or control. El-Mann further objects to this Request on the basis that the documents sought by this Request can be obtained from and are thus more appropriately sought from other parties, including Servicios Funerarios and/or Advent International. El-Mann further objects to this Request to the extent it presumes that "the El-Mann Family" played a "role . . . in the Gayosso Transaction."

**Request No. 13:** All documents and communications related to any formal or informal agreement or arrangement between or among You, Gayosso, Servicios Funerarios, Fibra Uno, the El-Mann Family, Grupo E, or any other related or affiliated entity, or any representative or agent thereof, concerning the exchange of any benefit, including rents, for Gayosso's use of the Real Estate.

**Response:** El-Mann incorporates his preliminary statement, general objections, and objections to instructions. El-Mann objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case, taking into account the relative importance of the sought-after discovery for resolving issues in the case and El-Mann's status as a non-party. El-Mann objects to this Request on the basis that it includes within its scope documents and communications not relevant to any claim or defense. El-Mann further objects to this Request to the extent it presumes such agreements or arrangements exist. El-Mann further objects to this Request as seeking documents that are not within El-Mann's possession, custody, or control. El-Mann further objects to this Request on the basis that the documents sought by this Request can be obtained from and are thus more appropriately sought from other parties, including Servicios Funerarios and/or Advent International. El-Mann further objects to this Request to the extent it presumes that "the El-Mann Family" played a "role . . . in the Gayosso Transaction."

**Request No. 14:** All documents and communications related to the decision to structure the Gayosso Transaction as set forth in the SPA, including having Fibra Uno purchase the Real Estate.

**Response:** El-Mann incorporates his preliminary statement, general objections, and objections to instructions. El-Mann objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case, taking into account the relative importance of the sought-after discovery for resolving issues in the case and El-Mann's status as a non-party. El-Mann objects to this Request on the basis that it includes within its scope documents and communications not relevant to any claim or defense. El-Mann further objects to this Request as seeking documents that are not within El-Mann's possession, custody, or control. El-Mann further objects to this Request on the basis that the documents sought by this Request can be obtained from and are thus more appropriately sought from other parties, including Servicios Funerarios and/or Advent International.

**Request No. 15:** All documents and communications concerning or related to any formal or informal employment, independent contractor, or consulting arrangement between Carlos Pena,

8

on the one hand, and Servicios Funerarios, MexCap, Execution Finance, Fibra Uno, Grupo E, or any other related or affiliated entity, on the other hand, including during the negotiations of the Gayosso Transaction, and including without limitation any employment or engagement agreements, any payments made, and Communications reflecting the same.

**Response:** El-Mann incorporates his preliminary statement, general objections, and objections to instructions. El-Mann objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case, taking into account the relative importance of the sought-after discovery for resolving issues in the case and El-Mann's status as a non-party. El-Mann objects to this Request on the basis that it includes within its scope documents and communications not relevant to any claim or defense. El-Mann further objects to this Request to the extent it presumes such arrangements exist. El-Mann further objects to this Request as seeking documents that are not within El-Mann's possession, custody, or control.

**Request No. 16:** All documents and communications concerning or relating to any payment made for any reason between Carlos Pena, on the one hand, and Servicios Funerarios, MexCap, Execution Finance, Fibra Uno, Grupo E, or any other related or affiliated entity, on the other hand.

**Response:** El-Mann incorporates his preliminary statement, general objections, and objections to instructions. El-Mann objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case, taking into account the relative importance of the sought-after discovery for resolving issues in the case and El-Mann's status as a non-party. El-Mann objects to this Request on the basis that it includes within its scope documents and communications not relevant to any claim or defense. El-Mann further objects to this Request to the extent it presumes such payments exist. El-Mann further objects to this Request as seeking documents that are not within El-Mann's possession, custody, or control.

**Request No. 17:** All documents and communications concerning or related to any formal or informal employment, independent contractor, or consulting arrangement between any employee of Gayosso other than Carlos Pena, on the one hand, and Servicios Funerarios, MexCap, Execution Finance, Fibra Uno, Grupo E, or any other related or affiliated entity, on the other hand, including during the negotiations of the Gayosso Transaction.

**Response:** El-Mann incorporates his preliminary statement, general objections, and objections to instructions. El-Mann objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case, taking into account the relative importance of the sought-after discovery for resolving issues in the case and El-Mann's status as a non-party. El-Mann objects to this Request on the basis that it includes within its scope documents and communications not relevant to any claim or defense. El-Mann further objects to this Request to the extent it presumes such arrangements exist. El-Mann further objects to this Request as seeking documents that are not within El-Mann's possession, custody, or control.

**Request No. 18:** All documents and communications concerning or relating to any payment made for any reason between any employee of Gayosso other than Carlos Pena, on the one hand, and Servicios Funerarios, MexCap, Execution Finance, Fibra Uno, Grupo E, or any other related

or affiliated entity, on the other hand.

**Response:** El-Mann incorporates his preliminary statement, general objections, and objections to instructions. El-Mann objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case, taking into account the relative importance of the sought-after discovery for resolving issues in the case and El-Mann's status as a non-party. El-Mann objects to this Request on the basis that it includes within its scope documents and communications not relevant to any claim or defense. El-Mann further objects to this Request to the extent it presumes such payments exist. El-Mann further objects to this Request as seeking documents that are not within El-Mann's possession, custody, or control.

**Request No. 19:** All documents and communications relating to the income or return on investment projected to flow to You, Fibra Uno, or the El-Mann Family as a result of acquiring any ownership interest in the Real Estate, including any analysis thereof.

**Response:** El-Mann incorporates his preliminary statement, general objections, and objections to instructions. El-Mann objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case, taking into account the relative importance of the sought-after discovery for resolving issues in the case and El-Mann's status as a non-party. El-Mann objects to this Request on the basis that it includes within its scope documents and communications not relevant to any claim or defense. El-Mann further objects to this Request as seeking documents that are not within El-Mann's possession, custody, or control. El-Mann further objects to this Request on the basis that the documents sought by this Request can be obtained from and are thus more appropriately sought from other parties, including Servicios Funerarios and/or Advent International. El-Mann further objects to this Request to the extent it presumes that "the El-Mann Family" played a "role . . . in the Gayosso Transaction."

**Request No. 20:** All documents or communications concerning the Mexican Civil Proceeding.

**Response:** El-Mann incorporates his preliminary statement, general objections, and objections to instructions. El-Mann objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case, taking into account the relative importance of the sought-after discovery for resolving issues in the case and El-Mann's status as a non-party. El-Mann objects to this Request on the basis that it includes within its scope documents and communications not relevant to any claim or defense. El-Mann further objects to this Request as seeking documents that are not within El-Mann's possession, custody, or control. El-Mann further objects to this Request as seeking publicly available information. El-Mann further objects to this Request on the basis that the documents sought by this Request can be obtained from and are thus more appropriately sought from other parties, including Servicios Funerarios and/or Advent International.

**Request No. 21:** All documents or communications concerning the Mexican Criminal Proceeding.

**Response:** El-Mann incorporates his preliminary statement, general objections, and objections to instructions. El-Mann objects to this Request as overly broad, unduly burdensome, and

disproportionate to the needs of the case, taking into account the relative importance of the sought-after discovery for resolving issues in the case and El-Mann's status as a non-party. El-Mann objects to this Request on the basis that it includes within its scope documents and communications not relevant to any claim or defense. El-Mann further objects to this Request as seeking documents that are not within El-Mann's possession, custody, or control. El-Mann further objects to this Request as seeking publicly available information. El-Mann further objects to this Request on the basis that the documents sought by this Request can be obtained from and are thus more appropriately sought from other parties, including Servicios Funerarios and/or Advent International.

Dated: November 28, 2023

                                SUSMAN GODFREY L.L.P.

                                _/s/ Jacob W. Buchdahl_____
                                Jacob W. Buchdahl
                                Beatrice C. Franklin
                                1301 Avenue of the Americas, 32nd Fl.
                                New York, NY 10019
                                (212) 336-8330
                                jbuchdahl@susmangodfrey.com
                                bfranklin@susmangodfrey.com

                                *Attorneys for Fibra Uno Administracio S.A. de C.V., Andre El-Mann Arazi, Gonzalo Pedro Robina Ibarra*

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2023, copies of the foregoing were caused to be served upon the following via electronic and first-class mail.

Michael Aleo, Esq.
Thomas Lesser, Esq.
39 Main Street, Suite 1
Northampton, MA 01060 (413) 584-7331
aleo@LNN-law.com
lesser@LNN-law.com

David Boies, Esq.
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
(914) 356-0011
dboies@bsfllp.com

Carlos M. Sires
Jason Hilborn
BOIES SCHILLER FLEXNER LLP
401 East Las Olas Blvd.
Fort Lauderdale, FL 33301
(954) 356-0011
csires@bsfllp.com
jhilborn@bsfllp.com

Peter L. Welsh
Daniel V. Ward
ROPES & GRAY LLP
Prudential Tower 800 Boylston Street
Boston, MA 02199
(617) 951-7050
Peter.Welsh@ropesgray.com
Daniel.Ward@ropesgray.com

Andrew J. Rossman (admitted pro hac vice)
Nicholas A. S. Hoy (admitted pro hac vice)
QUINNEMANUELURQUHART&
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor

andrewrossman@quinnemanuel.com
nicholashoy@quinnemanuel.com

Gabriel F. Soledad (admitted pro hac vice)
QUINNEMANUELURQUHART&
SULLIVAN, LLP
1300 I Street NW Washington, D.C. 20005
(202) 538-8000
gabrielsoledad@quinnemanuel.com

Joseph H. Margolies (admitted pro hac vice)
QUINNEMANUELURQUHART&
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
(312) 705-7400
josephmargolies@quinnemanuel.com

*/s/ Jacob W. Buchdahl*